IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MIKE NOLAN, #03198-095                                                                    PETITIONER

VS.                                                              CIVIL ACTION NO.  5:04cv329-DCB-JCS

CONSTANCE REESE, WARDEN                                                         RESPONDENT


ORDER


This matter is before the Court on the Petition filed pursuant to 28 U.S.C. § 2241.  For the reasons explained below, the undersigned finds that the Court is without jurisdiction to consider this Petition, and, therefore, it should be transferred to the United States District Court for the Middle District of Louisiana, in whose jurisdiction the Petitioner currently resides, and in which he was sentenced.

DISCUSSION

Prior to filing this § 2241 petition, the Petitioner was convicted wire fraud and sentenced to 37 months imprisonment by the United States District Court for the Middle District of Louisiana, followed by a three-year term of supervised release.  When the Petitioner filed this § 2241 action, he was an inmate at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City")  On June 6, 2006, the Inmate Locator on the official internet web site of the Bureau of Prisons showed that the Petitioner was released, and his address on the Court's records was 13815 Marlin Ave., Baton Rouge, Louisiana.

In this action, the Petitioner seeks credit toward his federal sentence for the time he spent

in State custody.  He has exhausted his administrative remedies.  Prior to the Petitioner's release, the Respondent answered and argued that the Petitioner is not entitled to credit for time spent in state custody pursuant to 18 U.S.C. § 3585(b).  The Respondent further argues, *inter alia*, that because his "Judgment in a Criminal Case" entered in his federal case does not state that his federal term of imprisonment is to run concurrently with his state term, the terms run consecutively.  Petitioner responded to the Respondent's answer.

The Supreme Court has held that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004)(citing Ex parte Endo, 323 U.S. 283(1944)).  Because Petitioner is no longer within this jurisdiction, and he is no longer in the custody of the Warden of FCI-Yazoo City, this Court is without jurisdiction to direct any requested relief.  Nevertheless, assuming that he is serving a term of supervised release, the Petitioner remains "in custody" while on supervised release, Ojo v. INS, 106 F.3d 680 681 n.2 (5th Cir. 1997).  However, "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction– must exist if the suit it to be maintained."  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  It is unclear what continuing injury, if any, the Petitioner currently suffers now that he has been released from the custody of the Bureau of Prisons.  Although the Fifth Circuit has noted that "a district court may exercise its discretion to modify an individual's term of supervised release, taking into account that an individual has been 'incarcerated beyond the proper expiration of his prison term,'" Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006), the relevant statutes and

rules for modification of a term of supervised release are directed toward the sentencing court or the court conferred with jurisdiction over the prisoner's term of supervised release, not the court in which the Petitioner chooses to file a section 2241 habeas petition.  See 18 U.S.C. §§ 3583, 3601, 3605; Fed. R. Cr. P. 32.1. The Petitioner's current location, according to the Court's records, is Baton Rouge, Louisiana.  Although it is within the realm of possibility for the petitioner to be located within the Southern District of Mississippi, the Court simply cannot speculate as much.  Furthermore, nothing in the record of this case indicates that Petitioner's sentencing court has transferred jurisdiction over his supervised release to this court.  Accordingly, pursuant to Padilla, the undersigned finds that this petition should be transferred to the United States District Court for the Middle District of Louisiana, in whose jurisdiction the petitioner currently resides.

     SO ORDERED, this the   13th    day of   June         , 2006.

                                                      S/ James C. Sumner
                                                    UNITED STATES MAGISTRATE JUDGE